## William J. Weger et al., Appellees, v. Western Supply & Wrecking Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Crawford county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of facts. Opinion filed April 17, 1916.

### Statement of the Case.

Action by William J. Weger *et al.*, plaintiffs, against the Western Supply and Wrecking Company, defendants, in the Circuit Court of Crawford county, to recover rentals on an oil and gas lease on plaintiffs' farm. From a judgment for plaintiffs for one hundred and fifty dollars, defendant appeals.

McCARTY & ARNOLD, for appellant.

JONES & JONES, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. LANDLORD AND TENANT, § 325*—*when evidence sufficient to show superseding of contract by new one not entitling landlord to rent.* In an action to recover for breach of a lease of land demised

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for the production of oil and gas, where it appeared that the lease contained a covenant to pay plaintiffs an agreed rental and to supply them with gas for domestic use without cost, "while the product of each well in which gas only is found shall be marketed from said premises;" that the lease was assigned and the assignee drilled a well which produced gas only, which was marketed for general consumption; that the lease was afterwards assigned to defendant; that the flow of gas becoming insufficient to supply plaintiffs if allowed to go into defendant's commercial line, plaintiffs shut it off from the line, and for some time used the gas without cost; that later an arrangement was made whereby the owner of land on which there were strong gas wells which were owned by defendant secured the right to use gas from plaintiffs' well without cost for domestic purposes so as to increase the pressure in defendant's commercial line from the wells on such other person's land, defendant agreeing not to take up the pipe from the well as intended, which would have prevented plaintiffs from using the gas, but to allow it to remain with the well shut off from defendant's commercial line; and plaintiffs claimed that the gas used by such other person was "marketed" within the meaning of the lease, entitling them to rental, *held* that under the evidence the lease was superseded by the new arrangement, and that plaintiffs could not recover for rental.

2.   Appeal and error, § 1802*—*when case reversed without remanding.*   Where the evidence shows that plaintiffs have no cause of action, the cause will not be remanded when reversed on appeal.